CHOI & ITO
Attorneys At Law

CHUCK C. CHOI
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Facsimile: (808) 566-6900
cchoi@hibklaw.com
aito@hibklaw.com

Proposed Attorneys for Debtor
and Debtor-in-Possession

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAIIAN SPRINGS, LLC,<br><br>        Debtor and<br>        Debtor-in-Possession. | BK. NO. 17-01348<br>(Chapter 11)<br><br>HEARING<br>DATE:<br>TIME:<br>JUDGE: Hon. Robert J. Faris |

## OMNIBUS DECLARATION OF TAMIKO BROMS
## IN SUPPORT OF FIRST DAY MOTIONS

I, TAMIKO BROMS, hereby declare that, I am over the age of 18

years old, and I competent to make this declaration and I make this declaration

upon my personal knowledge, except as otherwise stated.  If called and sworn as a

witness, I could and would testify competently thereto.

1

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 19   Filed  01/04/18   Page 1 of 15

1. I am a Chief Executive Officer of Hawaiian Springs, LLC, the debtor and debtor-in-possession (the "Debtor") and a member of the Board of Directors of Laulima, a Delaware corporation, which is the sole member of the Debtor. I am custodian of records for the Debtor's business, and am familiar with its books and records. I have served as CEO of the Debtor since October, 2017.

2. Unless otherwise stated, I make this declaration upon my own personal knowledge and my review of Debtor's books, files, and business records.

3. This Declaration is submitted in Support of the Debtor's First Day Motions, including:

- Application to Employ Choi & Ito as General Bankruptcy Counsel to the Debtor

- Motion For Order Establishing Interim Fee Application And Expense Reimbursement Procedures ("Interim Fee Application Motion")

- Motion For Order Authorizing Debtor to Obtain Postpetition Secured Indebtedness; (ii) Grant Security Interests and Superpriority Claims; (iii)  Use Cash Collateral; and (iv) Schedule Final Hearing ("Cash Collateral/DIP Motion")

- Motion For Order Authorizing Debtor To Continue Financing Insurance Premiums ("Insurance Premium Financing Motion")

- Motion For Order Authorizing Debtor To Pay Pre-Petition Wages And Other Employment-Related Costs And Expenses And To Honor Pre-Petition Employee Benefits ("Wage Motion")

- Motion For Order Under 11 U.S.C. §§ 105(A) And 366(C) (I) Prohibiting Utilities From Altering Or Discontinuing Services

2

On Account Of Pre-Petition Invoices, And (II) Establishing Procedures To Determine Requests For Additional Assurance Of Payment ("Utilities Motion")

- Motion For Order Establishing Notice Procedures ("Notice Procedures Motion")

**2015 Acquisition of Debtor and Historical Financial Information**

4.      The Debtor is a 20-year old water-bottling company which bottles fresh artesian spring water from the Keaau and Naalehu aquifers on the island of Hawaii. The Debtor has historically sold its product in Hawaii, California, and Japan, under the brand Hawaiian Springs. Until recently, the Debtor's bottled water was distributed on Hawaiian Airlines.

5.      The Debtor is owned by Laulima International, Inc., a Delaware Corporation ("Laulima"). PEMCO, Ltd. ("PEMCO"), a Hawaii corporation founded by my deceased father, John Yamamoto, funded Laulima's acquisition of the Debtor in the summer of 2015, for $7 million. Albert Kam, Jr. and Frederick Parr, who are longtime business associates, convinced my father to invest in the Debtor. From approximately August, 2015 to July, 2017, Messrs. Kam and Parr were President and Treasurer, respectively, of Laulima and ran the day-to-day operations of the Debtor's business.

6.      In September, 2015, PEMCO received 8,500 shares of Laulima's Preferred Stock, which represents eighty-five percent of the voting equity interests in Laulima and has since assigned those 8,500 shares to Hawaiian Springs Aquifer

3

Group LLC, a Nevada limited liability company ("HSAG"). Messrs. Kam and Parr each own 750 shares of Laulima Common Stock, representing a combined 15% of the equity interests in Laulima.

7.  At the time of acquisition, the Debtor's financial condition was relatively stable with adequate working capital. Its balance sheet as of July 31, 2015, showed approximately $814,271 in Current Liabilities, including approximately $377,699 in accounts payables, $114,963 in payroll taxes, and approximately $113,668 in bottling fees and excise taxes.

8.  Sales and revenues also were relatively stable until early 2016. For the year ending December 31, 2014, the Debtor's gross revenues totaled nearly $7.3 million, and the Debtor reported net income of approximately $83,115. For the year ending December 31, 2015, the Debtor's gross revenues totaled nearly $7.7 million, and the Debtor reported net income of approximately $149,726.

9.  However, the Debtor's sales dropped off substantially beginning 2016. Production measured by cases over the past two years dropped as follows:

| Year | No. of Cases Produced (Approx.) |
|------|--------------------------------|
| 2015 | 939,000 |
| 2016 | 618,000 |
| 2017 | 209,000 |

10.  I believe the precipitous drop in production was caused by liquidity issues. The Debtor lacked adequate liquidity primarily because prior management

4

78485
U.S. Bankruptcy Court - Hawaii  #17-01348  Dkt # 19  Filed  01/04/18  Page 4 of 15

apparently invested approximately $1.2 million of the Debtor's funds in a Japan-based affiliate and hundreds of thousands of dollars in a marketing deal with the L.A. Dodgers. The Dodgers have filed a lawsuit in California against the Debtor and Laulima for the alleged balance due under a marketing contract between the Debtor and the Dodgers.

11. During prior management's tenure, my sister personally loaned the Debtor $250,000. PEMCO also advanced the Debtor (from March 2017 through July 2017), $790,000 on an unsecured basis. In addition, Kerri-Ann Masumoto, the Director of Finance for the Debtor recruited by Mr. Kam, allegedly loaned the Debtor $172,000 in the aggregate between August, 2016 and June, 2017.

**Ouster of Prior Management Effective July 17, 2017**

12. In July, 2017, after discovering the level of the Debtor's financial distress, the Laulima Board removed Messrs. Kam and Parr as officers and directors of Laulima effective as of July 31, 2017. The Debtor also laid off more than half of its workforce and closed its administrative office in the airport area to cut costs.

13. At that time, the Debtor did not have adequate cash and was in critical need of supplies necessary to bottle water. Suppliers were only willing to ship on COD or prepayment, with some vendors insisting on partial payment of outstanding invoices as a condition to shipping additional supplies.

5

78485
U.S. Bankruptcy Court - Hawaii  #17-01348  Dkt # 19  Filed  01/04/18  Page 5 of 15

14. Ms. Masumoto, the Debtor's Director of Finance at the time, abruptly stopped coming into work around this time. Her company computer was scrubbed clean of financial information. We have also discovered that the Debtor stopped filing its tax returns beginning in January, 2016.

15. Over the course of this past fall, we have learned that the Debtor was a defendant in multiple pending lawsuits filed in state and federal courts and was delinquent on its plant lease in Keaau. The Debtor cured the back rent using PEMCO loan proceeds.

**Current Operations, Lawsuits and Financial Condition.**

16. The Debtor's water bottling facility is located in Keaau, Hawaii. The property on which the Debtor's bottling facility is located is leased pursuant to a lease (as amended, the "Keaau Lease") [1] dated June 1, 2001 with Hawaii Brewery Development Co, Inc. ("HBDC") [2] and Hawaiian Natural Water Co., Inc., the Debtor's predecessor.

17. The Debtor acquired the lessee interest in the Keaau Lease via mesnes assignment. Through the Keaau Lease, the Debtor controls approximately 7.030 acres of real estate (the "Keaau Property") and a well system. The Keaau Lease is

---

[1] The Debtor will be filing a motion to assume the Keaau Lease.

[2] Marcus Bender, the President of HBDC, founded the Debtor in the 1990's.

6

78485
U.S. Bankruptcy Court - Hawaii  #17-01348  Dkt # 19  Filed  01/04/18  Page 6 of 15

set to expire on September 30, 2044, but the lease contains a 50-year extension option.

18.     The monthly base rent due under the Keaau Lease is currently $8,505.00, plus additional rent calculated based on percentage of the Debtor's net sales that exceeds the aggregate monthly base rent.  Currently, the Debtor is one month in arrears on the Keaau Lease rent.  Due to low production, the Debtor is not paying percentage rent.

19.     The Debtor and HBDC are also parties to a *Solar Energy Power Purchase Agreement* (the "PPA") dated June 4, 2014.  Under the PPA, HBDC sells and transmits to the Debtor electricity generated on its solar energy facility on the parcel adjacent to the Keaau Property. The electricity is used to power the Debtor's operations at the Keaau Property.  The term is for 20 years, with one five-year extension option.  The amount due under the HBDC is dependent upon energy consumption.  Currently, the consumption is approximately $7,500/ month.  The Debtor is currently two months' in arrears under the PPA.

20.     The Debtor currently has approximately 15 employees, most of whom are employees of its bottling facility located in Keaau, Hawaii.  The Debtor currently has five employees located on Oahu, including sales and accounting employees.  I am not currently on the Debtor's payroll.

21.     As of the Petition Date, the Debtor has:

78485
U.S. Bankruptcy Court - Hawaii  #17-01348  Dkt # 19  Filed  01/04/18  Page 7 of 15

(a)     Cash of approximately $28,000.00;

(b)     Bottled inventory of 17,638 cases of bottled water located at the plant in Keaau plus an additional approximately 2,360 cases of bottled water located on Oahu, and an additional 5,589 cases stored in California; and

(c)     Receivables (current) totaling approximately $105,262.

22.     The Debtor's new controller is still reviewing the Debtor's books and records.  However, I am reasonably certain that the Debtor has approximately $3.3 million in accounts payable, over $717,000 in delinquent payroll taxes, and close to $245,000 in bottle deposit fees due to the State of Hawaii and approximately $118,000 in similar dues owed to the State of California.

23.     The Debtor is a named defendant in at least seven separate lawsuits filed in the past year and half, including:

(a)     Lawsuit commenced by Fort Dearborn Company in the Circuit Court for the First Circuit of the State of Hawaii on November 15, 2016, which resulted in a default judgment of $179,498.76 against the Debtor dated January, 2017;

(b)     Lawsuit commenced by the Los Angeles Dodgers on August 9, 2017, in the Superior Court of the State of California on seeking "sponsorship fees" payable to the Dodgers totaling $682,000;

(c)     Lawsuit commenced by State of Hawaii  Director of Health in the Circuit Court for the First Circuit of the State of Hawaii  on August 11, 2017, seeking unpaid deposit beverage container fees totaling $176,989.28;

(d)     Lawsuit commenced by Messrs. Kam and Parr in the Circuit Court for the First Circuit of the State of Hawaii  on  August 21, 2017, against the Debtor, Laulima, PEMCO and various individuals, alleging, among other things, that Defendants reneged on a promise to

8

78485
U.S. Bankruptcy Court - Hawaii  #17-01348  Dkt # 19  Filed  01/04/18  Page 8 of 15

provide additional working capital for the Debtor, and accusing the Defendants of damaging the accumulated goodwill of the company.

(e) Lawsuit commenced on October 6, 2017, by Kerry-Ayn Masumoto, seeking collection of $172,000 pursuant to two promissory notes signed by Mr. Kam on behalf of the Debtor, and also seeking other employee related benefits (in which Ms. Masumoto alleges she relied on promises made by Al Kam);

24. As of the Petition Date, the Debtor's secured creditors are:

(a) Bank of Hawaii ("BOH" or "Senior Lender") which has loaned the Debtor approximately $590,000 pursuant to two separate loans. On February 23, 2016, BOH extended a line of credit to the Debtor in an amount up to $300,000.00. BOH has a blanket lien on substantially all of the Debtor's assets pursuant to a UCC Financing Statement filed with the Delaware Secretary of State ("DE SOS") on February 23, 2016 as Document No. 20161092475, to secure the commercial line of credit with a current outstanding balance of approximately $289,284.72 as of December 8, 2017. On or about November 8, 2017, BOH extended a second line of credit up to $300,000.00. PEMCO, Ltd. provided $300,000.00 in cash collateral as security for this loan.

(b) PEMCO, Ltd. ("Subordinated Lender") which has loaned the Debtor, on a secured basis, a total of $500,000 since August, 2017. On or about August 18, 2017, the Subordinated Lender loaned $100,000.00 to the Debtor. On or about September 14, 2017, the Subordinated Lender advanced $150,000.00 to the Debtor. On or about December 26, 2017, the Subordinated Lender advanced $250,000.00 to the Debtor. Each of these advances are secured by a (second, third, and fourth priority) blanket lien on substantially all of the Debtor's assets pursuant to UCC Financing Statements filed with the DE SOS on August 22, September 14, and December 26, 2017 as Document No. 20175581571, 20176123662, and 20178567382, respectively, to secure the commercial line of credit. Also, as noted in ¶24(a) above, the Debtor recently borrowed $300,000 from BOH, for which Subordinated Lender provided $300,000 in cash collateral as security.

9

78485

25. On December 29, 2017 (the "Petition Date"), the Debtor filed an emergency petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

## A. MOTION FOR DIP FINANCING/CASH COLLATERAL

26. The Debtor has an immediate need to use cash collateral and to borrow funds from PEMCO on the terms set forth in the Motion for Order Authorizing Debtor to Use Cash Collateral Pursuant to 11 U.S.C. § 363(c)(2) (the "DIP Financing/Cash Collateral Motion").

27. All of the facts set forth in the DIP Financing/Cash Collateral Motion are true and correct to the best of my knowledge, information and belief.

28. Attached to the DIP Financing/Cash Collateral Motion as Exhibit "A" is a true and correct copy of the DIP Term Sheet.

29. Attached to the DIP Financing/Cash Collateral Motion as Exhibit "B" is a true and correct copy of the Debtor's Budget.

30. I believe that the terms of the proposed debtor-in-possession financing from DIP Lender are reasonable under the circumstances, and in the best interests of this bankruptcy estate and creditors.

31. Prior to the Petition Date, the Debtor sought financing from BOH which refused to extend financing without the entire loan amount being collateralized by PEMCO. The Debtor has not been able to obtain postpetition

78485
U.S. Bankruptcy Court - Hawaii  #17-01348  Dkt # 19  Filed  01/04/18  Page 10 of 15

financing proposal on more favorable terms and conditions than those for which approval is sought herein. I have spoken to BOH.

32.     Attached to the DIP Financing/Cash Collateral Motion as Exhibit "C" is a true and correct copy of the UCC-HI Report dated December 19, 2017.

33.     Attached to the DIP Financing/Cash Collateral Motion as Exhibit "D" is a true and correct copy of the UCC-DE Report (as of December 18, 2017).

**B.     APPLICATION FOR ORDER APPROVING EMPLOYMENT OF CHOI & ITO AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR**

34.     In the *Application for Order Approving Employment of Choi & Ito as Counsel to Debtor* ("Employment Application"), the Debtor moves the Court for an interim and final order authorizing the Debtor to retain Choi & Ito ("C&I") as its general counsel for its Chapter 11 bankruptcy proceedings.

35.     I am informed C&I has considerable experience in representing debtors under chapter 11 of the Bankruptcy Code.  The Debtor believes that it is in the best interest of the Debtor's estate that C&I be employed to represent the Debtor effective as of the Petition Date on an interim basis as the Debtor cannot appear *pro se*.

**C.     INTERIM FEE PROCEDURES MOTION**

36.     I have reviewed the *Motion For Order Establishing Interim Fee Application And Expense Reimbursement Procedures* ("Interim Fee Procedures

78485

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 19   Filed   01/04/18   Page 11 of 15

Motion"). All of the facts set forth in the Interim Fee Procedures Motion are true and correct to the best of my knowledge, information and belief.

37. The proposed procedure, if approved, would permit professionals to be compensated and reimbursed for expenses incurred on an interim basis and in a reasonably contemporaneous manner, subject, however, to oversight and review by the Debtor, BOH, PEMCO, any committee, the Office of the U.S. Trustee, and the Court.

38. I believe that the Motion to Establish Interim Compensation Procedure is in the best interests of the Debtor and that it should be granted.

**D.   INSURANCE PREMIUM FINANCING MOTION**

39. I have reviewed the Motion for Order Authorizing Debtor to Continue Financing Insurance Premiums (the "Insurance Financing Motion").

40. All of the facts set forth in the Insurance Financing Motion are true and correct to the best of my knowledge, information and belief.

41. Attached to the Insurance Financing Motion as <u>Exhibit A</u> is a true and correct copy of the prepetition Premium Finance Agreement between the Debtor and AFCO Credit Corporation.

78485

### E.    WAGE MOTION

42.    I have reviewed the *Motion for Order Authorizing Debtor to Pay Pre-Petition Wages and Other Employment-Related Costs and Expenses and to Honor Pre-Petition Employee Benefits* (the "Wage Motion").

43.    All of the facts set forth in the Wage Motion are true and correct to the best of my knowledge, information and belief.

44.    Attached to the Wage Motion as <u>Exhibit "A"</u> is a true and correct copy of a list of the net pay received by the employees for the period ending December 15, 2017.

45.    Attached to the Wage Motion as <u>Exhibit "B"</u> is a true and correct copy of a list showing the total accrued sick pay for all the employees and the earned and accrued vacation pay for the employees.

46.    Through the end of December 2017, the Debtor's employees were covered by UHA for health/vision and drug, and HDS for dental.  The payments to UHA and HDS are paid each calendar month in advance.  To the extent relief is needed to maintain these benefits, Debtor seeks authority to pay any pre-petition claims for said benefit payments.

47.    In the month of January, 2018, the Debtor is looking to provide health/vision/drug/dental coverage through Altres, and the estimated monthly cost is $6,595.00.

13

78485

## F.    UTILITIES MOTION

48.    I have reviewed the Motion for Order Pursuant to 11 U.S.C. § 366 Prohibiting Utilities from Altering, Refusing or Discontinuing Services and Determining that Adequate Assurance of Payment for Future Utility Services has been Provided to Utilities ("Utilities Motion").  All of the facts set forth in the Utilities Motion are true and correct to the best of my knowledge, information and belief.

49.    I fully expect that the Debtor will be able to continue to pay on a current basis the cost of operating its business, including the payment of Utilities (as defined in the Utilities Motion) in full on a monthly basis in the ordinary course of its operations.

50.    Attached to the Utilities Motion as Exhibit A is the most recent itemized list of all Utilities which presently provide service to the Debtor.  The list also shows that for a typical month, the combined total of all payments to be made to the Debtor's Utilities is approximately $17,369.00.

## G.    NOTICE PROCEDURES MOTION

51.    I have reviewed the *Motion for Order Establishing Notice Procedures* (the "Notice Procedures Motion").

52.    All the facts set forth in the Notice Procedures Motion are true and correct to the best of my knowledge, information and belief.

78485

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 19   Filed  01/04/18   Page 14 of 15

I declare under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED:  Honolulu, Hawaii, January 4, 2018.

_____
TAMIKO BROMS

78485
U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 19   Filed  01/04/18   Page 15 of 15