**Date Signed:**
**September 17, 2018**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAIIAN SPRINGS, LLC,<br><br>       Debtor and<br>       Debtor-in-possession. | Bk. No. 17-01348<br>(Chapter 11)<br><br>Hearing<br>Date:   August 27, 2018<br>Time:  2:00 p.m.<br>Judge:  Hon. Robert J. Faris<br><br>[Relates to Docket No. 162, 245] |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTOR'S AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS' FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION DATED AS OF AUGUST 27, 2018**

The hearing on confirming ("Confirmation Hearing") of the *Debtor's And*

*Official Committee Of Unsecured Creditors' Joint Chapter 11 Plan Of*

*Reorganization Dated As Of May 29, 2018* (as amended by the *Debtor's And*

*Official Committee Of Unsecured Creditors' First Amended Joint Chapter 11 Plan*

*Of Reorganization Dated As Of August 27, 2018* filed herein as docket #245 (the

79557

"Joint Plan"))[1] was held on August 27, 2018, at 2:00 p.m., before the Honorable Robert J. Faris, United States Bankruptcy Judge for the United States Bankruptcy Court ("Court") for the District of Hawaii. Appearances were as noted in the record.

Having considered all of the pleadings and evidence filed in support of confirmation, the testimony of witnesses, all of the objections to confirmation of the Joint Plan having been resolved, withdrawn or overruled, and based on the record in this case, the arguments and representations of counsel, all of the exhibits having been accepted into evidence, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

<u>FINDINGS OF FACT</u>

1. Hawaiian Springs, LLC ("Debtor") is the debtor and debtor-in-possession in Chapter 11 case no. 17-01348, which was commenced by the filing of a voluntary petition on December 29, 2017 ("Chapter 11 Case") in this Court.

2. On May 29, 2018, the Debtor and the Official Committee of Unsecured Creditors (the "Committee", together with the Debtor, the "Plan Proponents") filed their Joint Chapter 11 Plan of Reorganization dated as of May 29, 2018. *See* Docket # 162.

---

[1] Capitalized terms not herein defined shall have the meaning set forth in the Joint Plan.

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 250   Filed  09/17/18   Page 2 of 21

3. On July 9, 2018, the Plan Proponents filed their *First Amended Disclosure Statement for [the Plan Proponents] Chapter 11 Plan of Reorganization Dated May 29, 2018* (the "Disclosure Statement"). *See* dkt. #204.

4. On August 28, 2018, the Plan Proponents filed their *Debtor's And Official Committee Of Unsecured Creditors' First Amended Joint Chapter 11 Plan Of Reorganization Dated As Of August 27, 2018*. *See* dkt. #245

### Approval of the Disclosure Statement, Solicitation, and Confirmation Hearing Notice

5. On July 10, 2018, the Bankruptcy Court entered that certain *Order Approving Disclosure Statement for Joint Plan of Reorganization Dated As of May 29, 2018, and Balloting Procedures and Scheduling Deadlines* ("Solicitation Order") that, among other things, (a) approved the Disclosure Statement pursuant to Bankruptcy Code § 1125 and Federal Rule of Bankruptcy Procedure ("Rule") 3017, (b) established August 27, 2018, as the date for the Confirmation Hearing, (c) approved the form and method of notice of the Confirmation Hearing ("Confirmation Hearing Notice"), (d) established procedures for soliciting and tabulating votes with respect to the Plan, and (e) established procedures governing the Confirmation Hearing. *See* Docket #205.

6. In accordance with the Solicitation Order, the following items were transmitted to creditors and parties in interest: (a) the Disclosure Statement, (b) the notice of the Confirmation Hearing; and (c) with respect to those creditors in

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 250   Filed  09/17/18   Page 3 of 21

classes entitled to vote under the Joint Plan, a Ballot (as defined in the Solicitation Order). All of said documents were transmitted to the appropriate parties on or before July 13, 2018. Such service is adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

7.    Six objections to the Joint Plan were filed

a.    *United States Trustee Objection to Confirmation of Joint Chapter 11 Plan of Reorganization* (the "UST Objection") as dkt. #227;

b.    Department of Taxation for the State of Hawaii (the "DoTax") *Objection to Confirmation of the Debtor's Joint Plan of Reorganization dated as of May 29, 2018* (the "DoTax Objection") as dkt. # 228;

c.    Department of Health, State of Hawaii ("DOH") *Objection to Confirmation of Debtor's First Amended Disclosure Statement and [the Joint Plan]* (the "DOH Objection") as dkt. # 230;

d.    *Hawaii Brewery Development Co., Inc. (the "Landlord") Objection to the Confirmation of Debtor's Amended Joint Consolidated Plan of Reorganization* ("Landlord Objection") as docket # 232 ;

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 250   Filed  09/17/18   Page 4 of 21

e.  *Albert Kam and Frederick Parr's Objection to Confirmation of Debtor's Joint Chapter 11 Plan of Reorganization* (the "Kam/Parr Objection") as dkt. # 234.

f.  United States ("IRS") Objections of the United States to the Debtor's Proposed Plan of Reorganization (the "IRS Objection"). *See* dkt. # 235.

8.  On August 20, 2018, PEMCO, Ltd. filed a Reply to the Objections to Confirmation of Debtor's Joint Chapter 11 Plan of Reorganization. *See* dkt. #237.

9.  On August 20, 2018, the Plan Proponents filed (1) *Joint Confirmation Brief for the [Joint Plan]*; (2) *Omnibus Reply to Objections to [Joint 11 Plan of Reorganization dated as of May 29, 2018*; (3) the *Declaration of Tamiko Broms in Support of Confirmation of Joint Plan*, and (4) the *Declaration of Paul Ah Cook in Support of Confirmation of Joint Plan*. *See* dkt. ##239, 240, 241, 242.

10.  On August 20, 2018, the Plan Proponents also filed the Declaration of Allison A. Ito relating to Voting Tabulation, attesting and certifying the method and results of the ballot tabulation for the Classes of Claims entitled to vote to accept or reject the Plan ("Ballot Tabulation"). Votes to accept and reject the Joint Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order.

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 250   Filed 09/17/18   Page 5 of 21

11.    On August 20, 2018, the DOH filed a Withdrawal of the DOH Objection.  *See* dkt. # 236.

12.    On August 22, 2018, Albert Kam and Frederick Parr filed a withdrawal of the Kam/Parr Objection. *See* dkt. #243.

13.    This Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Case.

14.    The Plan Proponents have the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of evidence, and have done so as set forth herein.

15.    To the extent not resolved or withdrawn, all objections to the confirmation of the Joint Plan are overruled in all respects.

**Bankruptcy Code Requirements For Confirmation and Classification**

16.    In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Joint Plan designates six Classes of Claims and one Class of Equity Interests.  The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 250   Filed  09/17/18   Page 6 of 21

Class.  Valid business, factual, and legal reasons exist for separately classifying the various classes of claims and Interests created under the Joint Plan.

17.    The Joint Plan specifies that Classes 1 and 4 are not impaired under the Joint Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.  Said Classes are deemed to have accepted the Joint Plan because they are not impaired under the Joint Plan.

18.    The Joint Plan designates that Classes 2, 3, and 5 are impaired and specifies the treatment of Claims and Equity Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

19.    Votes to accept and reject the Joint Plan have been solicited from creditors holding Claims in Classes 2, 3, and 5.  Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and industry practices.

20.    As set forth in the Ballot Tabulation, Classes 3 and 5 voted to accept the Joint Plan, pursuant to section 1126(c) of the Bankruptcy Code.  No votes were received for Class 2.

### Treatment of Secured Claims

21.    The holder of an Allowed Secured Claim (Classes 2, 3 and 4) will receive at least as much as it would receive in a case under chapter 7 with respect to those Secured Claims. The Treatment of Classes 2, 3 and 4 is fair and equitable

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 250   Filed  09/17/18   Page 7 of 21

and does not unfairly discriminate against said Classes. In each case, the holders of Allowed claims in Classes 2, 3 and 4 will retain their respective liens under the Joint Plan and will receive deferred cash payments totaling at least the allowed amount of their respective claims as of the Effective Date of the Plan.

## Unsecured Claims

22.     The holder of Allowed General Unsecured Claims (Class 5) will receive as much as they would receive in a case under chapter 7, because if the assets of the Debtor were liquidated outright, said Class would receive approximately 0% of their total claim amount.  Holders of Allowed Claims in Class 5 will receive approximately 10% of their allowed claims under the Joint Plan.  As a result, holders of Allowed Class 5 Claims will receive as much under the Joint Plan than they would receive if the Debtor's Chapter 11 Case was converted to a liquidation case under chapter 7.

## Subordinated Claims

23.     The holder of Allowed Subordinated Claims (Class 6) will not receive any consideration under the Joint Plan.

## Equity Interests

24.     Allowed Equity Interest in Class 7 will not retain its Equity Interest under the Joint Plan.

25.     The Joint Plan provides for the same treatment for each Claim or

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 250   Filed  09/17/18   Page 8 of 21

Equity Interest in each respective Class, unless the holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

## Means of Implementation

26.  The Joint Plan provides adequate and proper means for the Joint Plan's implementation through the PEMCO Exit Funding. The Court finds the settlement provisions of the Joint Plan to be reasonable, fair and equitable.

27.  The Plan Proponents have demonstrated adequate assurance of future performance with respect to any assumed executory contracts and leases. The Landlord's objections to confirmation of the Joint Plan and the assumption of the Keaau Lease and the Power Purchase Agreement have been overruled.

28.  The Plan Proponents have exercised sound and considered business judgment in the formulation of the Joint Plan. The Plan Proponents have demonstrated sound business purpose and justification for the Joint Plan, pursuant to Bankruptcy Code section 363(b).

29.  All fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Joint Plan, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

30.  Any finding of fact subsequently determined to be a conclusion of law

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 250   Filed  09/17/18   Page 9 of 21

shall be deemed a conclusion of law.

## CONCLUSIONS OF LAW

31.     This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

32.     This Bankruptcy Court has jurisdiction over this Chapter 11 Case, pursuant to sections 157 and 1334 of title 28 of the United States Code.  Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Joint Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction to determine whether the Joint Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and has exclusive jurisdiction over all of the Debtor's assets.

### Confirmation Requirements

### Section 1129(a)(1)

33.     The Joint Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a) of the Bankruptcy Code.

(a)     The Joint Plan properly places substantially similar claims in each class and designated such classes of claims, thereby satisfying sections 1122 and 1123(a)(1) of the Bankruptcy Code;

(b)     The Joint Plan specifies the treatment of each Class that is not impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code;

- 10 -

(c)    The Joint Plan specifies the treatment of each Class that is impaired, thereby satisfying section 1123(a)(3);

(d)    The Joint Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying section 1123(a)(4);

(e)    The Joint Plan includes the adoption and implementation of all corporate actions necessary to implement the Joint Plan and the execution of all documents and the implementation of all actions as required with respect to and in accordance with the Joint Plan provisions, thereby satisfying section 1123(a)(5);

(f)    Section 1123(a)(6) does not apply to the Debtor or the Joint Plan;

(g)    The Plan Proponents have disclosed the identity of the Chief Executive Officer of the Reorganized Debtor, consistent with the interests of creditors, equity holders, and public policy in accordance with section 1123(a)(7);

(h)    The Joint Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i)    The Joint Plan is dated and identifies the entities submitting it as proponents, thereby satisfying Bankruptcy Rule 3016(a).

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 250   Filed 09/17/18   Page 11 of 21

## Section 1129(a)(2)

34.     The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

(a)     The Debtor is a proper debtor under section 109 of the Bankruptcy Code;

(b)     The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

(c)     The Plan Proponents complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Joint Plan.

## Section 1129(a)(3)

35.     The Plan Proponents have proposed the Joint Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  The good faith of the Plan Proponents are evident from the facts and records of this case, the Disclosure Statement and the hearings thereon, and the record of the Confirmation Hearing and other proceedings held in this case. The Joint Plan was proposed with the legitimate and honest purpose of maximizing

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 250   Filed  09/17/18   Page 12 of 21

the value of the Debtor's Estate and to effectuate a successful reorganization of the Debtor.

36.    The injunctive provisions of the Joint Plan and the Confirmation Order implement the Debtor's discharge.  Moreover, the Joint Plan provides a mechanism for parties in this case to seek relief from the injunctions.

## Section 1129(a)(4)

37.    Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's Chapter 11 Case, or in connection with the Joint Plan and incident to the Debtor's Chapter 11 Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

## Section 1129(a)(5)

38.    The Plan Proponents have complied with section 1129(a)(5) of the Bankruptcy Code.  The identity of the individual who will serve as the Chief Executive Officer of the Reorganized Debtor as of the Effective Date has been fully disclosed.  The appointment to, or continuance in, such offices of such person is consistent with the interests of holders of Claims against and Equity Interests in the Debtor and with public policy.  The identity of any insider that will be employed or retained by the Reorganized Debtor after the Effective Date and the nature of such insider's compensation have also been fully disclosed.

- 13 -

## Section 1129(a)(6)

39.    Section 1129(a)(6) of the Bankruptcy Code is not applicable to this Debtor.

## Section 1129(a)(7)

40.    The Joint Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis provided in the Disclosure Statement (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establish that each holder of a Claim or Equity Interest in an impaired Class either has accepted the Joint Plan or will receive or retain under the Joint Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that  holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

## Section 1129(a)(8)

41.    Classes 1 and 4 are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code.  Classes 3 and 4 are impaired and have voted to accept the Joint Plan in accordance with section 1126(d) of the Bankruptcy Code.  Class 2 did not vote.  Section 1129(a)(8) of the Bankruptcy code has been satisfied.

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 250   Filed  09/17/18   Page 14 of 21

## Section 1129(a)(9)

42.    The treatment of Administrative Claims and Priority Tax Claims under the Joint Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

## Section 1129(a)(10)

43.    At least one Class of Claims against the Debtor that is impaired under the Joint Plan has accepted the Joint Plan, determined without including any acceptance of the Joint Plan by an insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

## Section 1129(a)(11)

44.    The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of the Joint Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

45.    In order to satisfy section § 1129(a)(11) of the Bankruptcy Code, the Plan Proponents need not prove that there is an absolute certainty that the conditions to confirmation will be met.  On the contrary, the Plan Proponents need only show that the Joint Plan offers a reasonable assurance of success.  The Joint Plan has the requisite level of likelihood of success.

- 15 -

## Section 1129(a)(12)

46.     All fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Court, have been paid or will be paid pursuant to the Joint Plan, the terms of which are satisfactory to the Debtor and the United States Trustee, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

## Section 1129(a)(13)

47.     Section § 1129(a)(13) of the Bankruptcy Code, which requires a plan to provide for the continuation of payment of all "retiree benefits" is inapplicable in the instant case as the Debtor does not have any such obligation.

## Other Matters

48.     The principal purpose of the Joint Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.  No governmental agency with standing to raise an objection pursuant to Bankruptcy Code section § 1129(d) has, in fact, raised any such objection.  This is strong evidence that the principal purpose of the Joint Plan is not tax avoidance.

49.     All modifications to the Joint Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not require additional disclosure under Bankruptcy Code sections 1125 or 1127(a), or

re-solicitation of votes under Bankruptcy Code section 1126, nor do they require that holders of Claims or Equity Interests be afforded an opportunity to change previously cast acceptances or rejections of the Joint Plan. The modifications do not adversely change the treatment for the accepting Classes. Therefore, the acceptances of the accepting Classes are deemed to apply to the modification. Additional notice under Bankruptcy Rule 3019(a) is not required.

50.     Based on the record before the Bankruptcy Court in this Chapter 11 Case, the Plan Proponents and its respective employees, officers, members, directors, agents, shareholders, and representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Joint Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

51.     The release, injunction, and exculpation provisions contained in the Joint Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Equity Interests and other interested parties in accordance with the requirements of due process and the applicable

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 250   Filed  09/17/18   Page 17 of 21

provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and its Chapter 11 Estate.

52. Each term and provision of the Joint Plan is valid and enforceable pursuant to its terms.

53. The Joint Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

54. The Debtor has satisfied the requirements of Bankruptcy Code section 365(b)(1) in connection with the assumption of any Assumed Executory Contracts. Each of the Assumed Executory Contracts is an executory contract or an unexpired lease of the Debtor under Bankruptcy Code section 365. All conditions under Bankruptcy code section 365 for the assumption by the Debtor of each Assumed Executory Contract to which it is a party have been satisfied.

55. The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Section 10.1 of the Joint Plan and Bankruptcy Code section 1142. It is appropriate for the Bankruptcy Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Joint Plan; (b) enforce any Assumed Executory Contracts; (c) enforce the default remedies afforded to creditors under the Joint Plan; and (d) resolve any disputes arising under or related to the Joint Plan.

U.S. Bankruptcy Court - Hawaii   #17-01348   Dkt # 250   Filed  09/17/18   Page 18 of 21

56. Pursuant to Bankruptcy Code section 1146(c): (a) the issuance, transfer, or exchange of notes or equity securities under the Joint Plan; or (b) the creation of any mortgage or other security interest in furtherance of, or in connection with, the Joint Plan shall not be subject to any stamp tax, recording tax, conveyance tax, personal property transfer tax, real estate transfer tax, sales or use tax, or other similar tax.

57. Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

58. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT CONCLUSIONS OF LAW**

Approved as to form:

/s/ Jerrold K. Guben
JERROLD K. GUBEN, ESQ.
Counsel for PEMCO, LTD.


/s/ Cuyler E. Shaw
CUYLER E. SHAW, ESQ.
Counsel for Bank of Hawaii


/s/ Curtis B. Ching
CURTIS B. CHING, ESQ.
Counsel for Office of U.S. Trustee

- 19 -

/s/ Mathew C. Shannon
MATTHEW C. SHANNON, ESQ.
Counsel for Hawaii Brewery Dev. Co., Inc.


/s/ Cynthia M. Johiro
CYNTHIA M. JOHIRO, ESQ.
Counsel for Department of Taxation for the
State of Hawaii


[waived]
RONALD I. HELLER, ESQ.
Counsel for Rengo Packaging, Inc.


/s/ Edric M. Ching
EDRIC M. CHING, ESQ.
Counsel for Internal Revenue Service for
the United States of America


Submitted by:

CHOI & ITO
Attorneys at law

CHUCK C. CHOI
ALLISON A. ITO
700 Bishop Street, Suite 1107
Honolulu, Hawaii  96813
Telephone:  (808) 533-1877
Facsimile:   (808) 566-6900
E-Mail:  cchoi@hiklaw.com;
aito@hiklaw.com

Counsel for Debtor and Debtor In Possession

- 20 -

RUSH MOORE LLP
SUSAN TIUS
737 Bishop Street, Suite 2400
Honolulu, HI 96813
Telephone: (808) 521-0406
Facsimile: (808) 521-0497
Email: stius@rmhawaii.com

Counsel for the Official Committee of
Unsecured Creditors